Timothy Devlin (admitted pro hac vice)
James Gorman III (to be admitted pro hac vice)
Devlin Law Firm LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile:  (302) 353-4251
Email: tdevlin@devlinlawfirm.com
            jgorman@devlinlawfirm.com

Ellisen S. Turner (California State Bar. No. 224842)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310-203-7901
Facsimile: 310-203-7199
Email: eturner@irell.com

Attorneys for Plaintiff
FULFILLIUM, INC.

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE I

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FULFILLIUM, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>RESHAPE MEDICAL, INC.,<br><br>        Defendant.<br>_____<br><br>RESHAPE MEDICAL, INC.,<br><br>        Counter-Plaintiff,<br><br>v.<br><br>FULFILLIUM, INC. and DR. RICHARD CHEN,<br><br>        Counter-Defendants. | Case No. 2:17-cv-08419-RGK-PLA<br><br>**MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date:    May 7, 2018<br>Time:   9:00 a.m.<br>Place:  Courtroom 850<br>Judge: Hon. R. Gary Klausner |

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **II**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS........................................................................... 3

    **A.**    History of the Trade Secret Misappropriation and Patent Infringement Action ................................................................................................3

III. LEGAL STANDARD.................................................................................. 4

IV. ARGUMENT ............................................................................................... 7

    **A.**    Counter-Defendants' Claims of Trade Secret Misappropriation are a Protected Activity Under the Anti-SLAPP Statute ...............................8

    **B.**    ReShape Is Unable to Meet its Burden of Showing a Probability of Success for its Counterclaims...........................................................9

        1.  Counterclaims 9-12 Are Based on the False Premise that Fulfillium Has Withdrawn its Claim that ReShape Misappropriated Dr. Chen's Device Design Trade Secrets .......... 9

        2.  Counterclaims 9-12 Are Barred Under the Litigation Privilege ............................................................................ 12

        3.  Even if Not Barred, the Counterclaims Fail to Plead Various Necessary Elements and Fail to Show a Probability of Success. 14

    **C.**    Counter-Defendants Must Be Awarded Their Attorneys' Fees and Costs ................................................................................................17

V. CONCLUSION ........................................................................................... 17

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **III**

# TABLE OF AUTHORITES

**Case**                                                                                          **Page(s)**

*Action Apartment Assn., Inc. v. City of Santa Monica*,
    163 P.3d 89 (Cal. 2007) .................................................................... 1,13

*Anheuser-Busch Cos., LLC v. Clark*,
    2:13-cv-00415-GEB-CKD,
    2013 U.S. Dist. LEXIS 100805
    (E.D. Cal. July 18, 2013) .................................................................... 8

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*,
    47 Cal. App. 4th 464
    (Cal. Ct. App. 1st Dist. 1996) .......................................................... 15

*Avery v. Barsky*,
    No. 3:12-cv-00652-MMD-WGC,
    2013 WL 1663612 (D. Nev. Apr. 17, 2013) ...................................... 10

*Brennan v. Tremco*,
    20 P.3d 1086 (Cal. 2001) .................................................................. 14

*Briggs v. Eden Council for Hope & Opportunity*,
    19 Cal. 4th 1106 (1999) ................................................................ 5,6,7

*Bryant v. Mattel, Inc.*,
    573 F. Supp. 2d 1254 (C.D. Cal. 2007) ............................................ 11

*Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*,
    No. 08-873-JJF,
    2009 U.S. Dist. LEXIS 73227,
    (D. Del. Aug. 19, 2009) .................................................................... 10

*City of Cotati v. Cashman*,
    29 Cal. 4th 69 (2002) ...................................................................... 5,6

*Cedars-Sinai Med. Ctr. v. Global Excel Mgmt.*,
    CV 09-3627 PSG (AJW),
    2009 U.S. Dist. LEXIS 120411
    (C.D. Cal. Dec. 4, 2009) .............................................................. 15,16

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
    47 Cal. App. 4th 777 (1996) .......................................................... 5,13

*Equilon Enters. v. Consumer Cause, Inc.*,
    29 Cal. 4th 53 (2002) .......................................................................... 6

*Ferris Mfg. Corp. v. Carr*,
    No. 14 C 04663,
    2015 U.S. Dist. LEXIS 6376
    (N.D. Ill. Jan. 21, 2015) .................................................................... 10

*Flatley v. Mauro*,
    139 P.3d 2 (Cal. 2006) ............................................................ passim

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **IV**

*Garcia v. MCC Medical Staff,*
    2011 U.S. Dist. LEXIS 76872
    (S.D. Cal., July 15, 2011) ....................................... 10

*Hagberg v. California Federal Bank,*
    81 P.3d 244 (Cal. 2004) ......................................... 13

*Healy v. Tuscany Landscape & Recreation Corp.,*
    137 Cal. App. 4th 1 (2006) ...................................... 6

*Hilton v. Hallmark Cards,*
    599 F.3d 894 (9th Cir. 2010) ................................... 7

*Jarrow Formulas, Inc. v. LaMarche,*
    74 P.3d 737 (Cal. 2003) .......................................... 1

*Kajima Eng'g & Const., Inc. v. City of L.A.,*
    95 Cal. App. 4th 921 (2002) .................................... 6

*Kashian v. Harriman,*
    98 Cal. App. 4th 892 (2002) .................................... 6

*Kearney v. Foley & Lardner,*
    553 F. Supp. 2d 1178 (S.D. Cal. 2008) ................... 7

*Keilbach v. Nam,*
    CV14-09827-RGK (JCx),
    2015 U.S. Dist. LEXIS 185121
    (C.D. Cal. Mar. 13, 2015) ...................................... 14

*Ketchum v. Moses,*
    24 Cal. 4th 1122 (2001) ....................................... 7,17

*Kenne v. Stennis,*
    230 Cal. App. 4th 953
    (Cal. Ct. App. 2d Dist. 2014) ................................ 8

*Macias v. Hartwell,*
    55 Cal. App. 4th 669 (1997) .................................. 5

*Meggitt San Juan Capistrano, Inc. v. Yongzhong,*
    575 Fed. Appx. 801 (9th Cir. 2014) ................. 1,10,11

*Mory v. City of Chula Vista,*
    No. 07-CV-0-462,
    2008 U.S. Dist. LEXIS 9911
    (S.D. Cal. Feb. 11, 2008) ...................................... 7

*Navellier v. Sletten,*
    52 P.3d 703 (Cal. 2002) ...................................... 1,8

*New Show Studios LLC v. Needle,*
    No. 2:14–cv–01250–CAS (MRWx),
    2014 WL 2988271 (C.D. Cal. June 30, 2014) ...... 11

*North American Chemical Co. v. Superior Court*,
   59 Cal. App. 4th 764
   (Cal. Ct. App. 2d Dist. 1997) ................................................. 16

*OrbusNeich Med. Co. Ltd., BVI v. Boston Sci. Corp.*,
   694 F. Supp. 2d 106 (D. Mass. 2010) ................................. 10

*Philippe Charriol Int'l Ltd. v. A'Lor Int'l Ltd*,
   No. 13CV1257–MMA (BGS),
   2013 WL 12080221 (S.D. Cal. Nov. 5, 2013) ..................... 11

*Shekhter v. Financial Indemnity Co.*,
   89 Cal. App. 4th 141
   (Cal. Ct. App. 2d Dist. 2001) ........................................ 1,7,8

*Sheldon Appel Co. v. Albert & Oliker*,
   765 P.2d 498 (Cal. 1989) ................................................... 14

*Silberg v. Anderson*,
   786 P.2d 365 (Cal. 1990) ................................................... 13

*Tuck Beckstoffer Wines LLC v. Ultimate Distributors, Inc.*,
   682 F. Supp. 2d 1003 (N.D. Cal. 2010) ............................... 7

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
   190  F.3d 963 (9th Cir. 1999 ) ............................................. 7

*Rusheen v. Cohen*
   128 P.3d 713 (Cal. 2006) ................................................... 13

## Statutes

Cal. Civ Code § 47 ..................................................... 5,12,13

Cal. Civ. Proc. Code § 425.16 ........................................ 4,6,7

Cal. Civ. Proc. Code § 2019.210  ....................................... 11

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **VI**

## I.     INTRODUCTION

Counter-Defendants Fulfillium, Inc. and Dr. Richard Chen (collectively "Counter-Defendants" or "Fulfillium") hereby file this motion ("Motion") to strike Counter-Plaintiff ReShape Medical, Inc.'s ("ReShape") counterclaims for alter ego liability, wrongful use of civil proceedings, intentional interference with prospective economic relations, and negligent interference with prospective economic relations (counterclaims 9, 10, 11, and 12, respectively, and collectively the "Counterclaims"), pursuant to Code of Civil Procedure § 425.16, generally known as the Anti-SLAPP statute.  Fulfillium also moves for its fees and costs as set forth herein.

As to the first prong of the requisite analysis, the Counterclaims seek to attack what is clearly protected activity under Section 425.16, and the Counterclaims are therefore properly subject to this Motion.  *Jarrow Formulas, Inc. v. LaMarche*, 74 P.3d 737, 740 (Cal. 2003) (citations omitted).  Regarding Section 425.16(e)(1) and (2), courts have held that "a cause of action arising from litigation activity may appropriately be the subject of a section 425.16 motion." *Shekhter v. Financial Indemnity Co.*, 89 Cal. App. 4th 141, 151 (Cal. Ct. App. 2d Dist. 2001); *Navellier v. Sletten*, 52 P.3d 703, 709 (Cal. 2002) ("A claim for relief filed in federal district court indisputably is a 'statement or writing made before a . . . judicial proceeding').  Here, each of Counterclaims 9-12 is directed to protected litigation activity under the Anti-SLAPP statute.  Indeed, none of these Counterclaims are based on anything other than protected litigation activity.  (*See generally* D.I. 78 at ¶¶ 186-218.)

Turning to the second prong, Counter-Plaintiff ReShape cannot carry its burden of demonstrating a probability of prevailing on any of the Counterclaims. *Jarrow Formulas,* 74 P.3d at 740.  As a threshold matter, the fundamental premise upon which the Counterclaims are based is incorrect.  All of the Counterclaims are

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE 1

premised on the theory that it was improper for Fulfillium to, in its original complaint, identify "device design" trade secrets and later, in its first amended complaint, omit specific reference to those.  (*See generally* D.I. 78 at ¶¶ 186-218.)  However, as acknowledged in multiple cases as well as an article recently penned by ReShape's own counsel, in the Ninth Circuit there is no requirement to plead trade secrets with particularity in a complaint.  Consistent with the precedent identified by the case law and by ReShape's own counsel, Fulfillium opted to simplify the issues at the pleading stage and will hereafter identify with particularity any device design trade secrets (*which were in fact misappropriated by ReShape*) before and during discovery, as appropriate.  *Meggitt San Juan Capistrano, Inc. v. Yongzhong*, 575 Fed. Appx. 801, 803 (9th Cir. 2014).

Further, each of the Counterclaims is barred by the litigation privilege.  The Counterclaims are all based upon pleadings that were made during the course of and directly related to the present trade secret misappropriation and patent infringement claims.  *Action Apartment Assn., Inc. v. City of Santa Monica,* 163 P.3d 89, 95 (Cal. 2007).  "[T]he privilege is 'an absolute privilege, and it bars all tort causes of action except a claim of malicious prosecution.'"  *Flatley v. Mauro*, 139 P.3d 2, 15 (Cal. 2006).  However, because there has been no decision on the merits, no claim for malicious prosecution can have accrued.

Lastly, each of the Counterclaims fails to establish one or more of the required elements of proof, as will be explained in detail below.

The Court should grant this Motion to Strike said causes of action pursuant to the Anti-SLAPP statute, Code of Civil Procedure § 425.16, and award Counter-Defendants their attorney's fees and costs.

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **2**

## II.     STATEMENT OF FACTS

### A.     History of the Trade Secret Misappropriation and Patent Infringement Action

On April 20, 2017, Fulfillium filed its Initial Complaint against ReShape in the U.S. District Court for the District of Delaware.  (D.I. 1.)  The Initial Complaint alleged that ReShape committed trade secret misappropriation, patent infringement of U.S. Patent Nos. 9,456,915 and 9,445,930, and willful infringement.  (D.I. 1.)

Regarding trade secret misappropriation, the Initial Complaint stated, "Dr. Chen learned that ReShape Medical had copied his entire 'playbook.'  ReShape Medical copied, among other things, Dr. Chen's device design, his gastric delivery method, his clinical trial design, his selection of the principal investigator, his techniques for preventing fluid leakage, and his methods for sizing the balloons."  (D.I. 1 at ¶ 29.)  The Initial Complaint also stated, "[t]hrough Mr. Wallace, SV Life Sciences and Sprout, ReShape Medical acquired confidential, expert validated, trade secret information about all aspects of Fulfillium's business, including device design, procedure design, clinical trial design, regulatory strategy, and business strategy."  (D.I. 1 at ¶ 34.)

After a round of motion practice, on November 20, 2017, Fulfillium filed its First Amended Complaint against ReShape in this Court after the present matter was transferred from the District of Delaware.  (D.I. 39.)  The First Amended Complaint also alleges that ReShape committed trade secret misappropriation, patent infringement of U.S. Patent Nos. 9,456,915 and 9,445,930, and willful infringement.  (D.I. 39.)  The Amended Complaint focused the trade secret claims and stated as follows: "Dr. Chen learned that ReShape Medical had copied his trade secrets, namely, his entire clinical trial 'playbook.'  ReShape Medical

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **3**

copied, among other things, Dr. Chen's clinical trial design and his selection of the principal investigator." (D.I. 39 at ¶ 29.)

The Amended Complaint also stated, "Through SV Life Sciences (and its misappropriation of Dr. Chen's trade secrets, which were protected via repeated confidentiality agreements), Mr. Wallace, and Sprout, ReShape Medical acquired confidential, expert validated, trade secret information about all aspects of Fulfillium's business, including clinical trial design and regulatory strategy. Specifically, ReShape misappropriated at least the three aforementioned aspects of Dr. Chen and Fulfillium's clinical trial playbook." (D.I. 39 at ¶ 36.)

The "playbook" was the heart of the trade secret misappropriation claims in both the Initial Complaint and the Amended Complaint.

## III. LEGAL STANDARD

When enacting the anti-SLAPP statute, the California Legislature declared that there was a "distributing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). Section 425.16(b)(1) of the California Code of Civil Procedure provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1). The statute further provides:

> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding or any other official proceeding

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **4**

authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law, . . . or (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

*Id.*, subd. (e).  The statute requires that section 425.16 be "construed broadly." *Id.*, subd. (a).  *See also Macias v. Hartwell*, 55 Cal. App. 4th 669, 672 (1997).

A cause of action is subject to the anti-SLAPP statute when the acts underlying the cause of action constitute speech or petitioning activity.  *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002).  Examples of protected activity include statements made to a judicial body and statements made in connection with judicial proceedings.  *Id.*  Statements made in anticipation of bringing a judicial or other official proceeding also constitute protected activity.  *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999) ("[J]ust as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b) . . . such statements are equally entitled to the benefits of section 425.16.") (quoting *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 784 (1996)).  When, as here, a statement is made in connection with or during a judicial proceeding, the SLAPP defendant need not otherwise show the statement involved a public issue or issue of public interest.  *Briggs*, 19 Cal. 4th at 1123.[1]

---

[1] The California Supreme Court and Courts of Appeal "have looked to the litigation privilege [Civil Code section 47(b)] as an aid in construing the scope of subdivision (e)(1) and (2) with respect to the first step of the two-step anti-SLAPP inquiry—that is, by examining the scope of the litigation privilege to determine whether a given communication falls within the ambit of subdivisions (e)(1) and

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **5**

Courts evaluate an anti-SLAPP motion in two steps.  First, a defendant must make a threshold showing that the challenged cause of action arises from an act in furtherance of the defendant's rights of petition or free speech.  *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002).  Second, once the defendant has made the threshold showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.  *Id.*  In making these determinations, the trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." *Id.* (quoting Cal. Code Civ. Proc. § 425.16(b)(2)).[2]

"Filing a lawsuit is an exercise of one's constitutional right of petition, and statements made in connection with or in preparation of litigation are subject to section 425.16." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002).  As noted above, sections 425.16(e)(1) and (2) of the anti-SLAPP statute do not require "any showing that the matter being litigated concerns a matter of public interest." *Healy v. Tuscany Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006); *Briggs,* 19 Cal. 4th at 1123 (same).

The "anti-SLAPP statute protects any act in furtherance of a person's right of petition or free speech [] including, without limitation the filing of a complaint

_____

(2)." *Flatley*, 139 P.3d 2, 17.  As demonstrated below, the statements here fall within the scope of the litigation privilege.

[2] Fulfillium may satisfy its showing by referencing the allegations in ReShape's Counterclaims. *See City of Cotati,* 29 Cal. 4th at 78 ("In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech."); *Kajima Eng'g & Const., Inc. v. City of L.A.*, 95 Cal. App. 4th 921, 929 (2002) (in deciding an anti-SLAPP motion, a court examines the activity that has been alleged in the pleading as the basis for the challenged claim.).

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE 6

[and] the assertion of allegations therein . . . ." *Tuck Beckstoffer Wines LLC v. Ultimate Distributors, Inc.*, 682 F. Supp. 2d 1003, 1015 (N.D. Cal. 2010) (internal citation omitted). The statute does not require a showing that the filing concerns a matter of public interest. *Mory v. City of Chula Vista,* No. 07-CV-0-462, 2008 U.S. Dist. LEXIS 9911, at *28 (S.D. Cal. Feb. 11, 2008) (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1117-18 (1999)).

 To deter lawsuits that chill exercise of the right of free speech or petition, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). "Thus, it is well-settled that an award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008) citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001)).

 The Ninth Circuit has long held that the anti-SLAPP statute, in particular the aspects related to special motions to strike under Cal. Civ. Proc. Code § 425.16(b) and the availability of fees and costs under Cal. Civ. Proc. Code § 425.16(c) applies to state law claims brought in federal courts. *See e.g., Hilton v. Hallmark Cards,* 599 F.3d. 894, 900 n.2 (9th Cir. 2010) ("[The Ninth Circuit has] long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction.") (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999).

## IV.   ARGUMENT

 With regard to the first prong of the analysis, the Counterclaims are protected activity under Section 425.16. "[A] cause of action arising from litigation activity may appropriately be the subject of a section 425.16 motion." *Shekhter*, 89 Cal. App. 4th at 151. The Counterclaims are based entirely on

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE 7

alleged improprieties in Fulfillium's litigation conduct.  (*See generally* D.I. 78 at ¶¶ 173-218.)

As to the second prong, each of the Counterclaims is premised on the erroneous theory that it was somehow improper for Fulfillium to omit, in its first amended complaint, reference to device design trade secrets.  However, as acknowledged by ReShape's own counsel, a trade secret plaintiff need not identify all trade secrets with particularity in its complaint.  Fulfillium will identify in due course the device design trade secrets misappropriated by ReShape (*e.g.*, the criticality of valve sealant) with particularity before or during discovery, as appropriate.  Still further, each of the Counterclaims is barred by the litigation privilege and fails to establish one more or more of the required elements of proof.

A.    **Counter-Defendants' Claims of Trade Secret Misappropriation are a Protected Activity Under the Anti-SLAPP Statute**

Regarding the Anti-SLAPP statute, courts have held that "a cause of action arising from litigation activity may appropriately be the subject of a section 425.16 motion."  *Shekhter*, 89 Cal. App. 4th at 151; *Navellier*, 52 P.3d at 709 ("A claim for relief filed in federal district court indisputably is a 'statement or writing made before a . . . judicial proceeding'); *Anheuser-Busch Cos., LLC v. Clark*, 2:13-cv-00415-GEB-CKD, 2013 U.S. Dist. LEXIS 100805, at *18 (E.D. Cal. July 18, 2013) ("Filing suit in federal court is 'indisputably' a protected activity under § 425.16.").  "Thus, statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest."  *Kenne v. Stennis*, 230 Cal. App. 4th 953, 965 (Cal. Ct. App. 2d Dist. 2014).

Here, each of Counterclaims 9-12 is directed to protected litigation activity under the Anti-SLAPP statute.  Indeed, none of these claims recite a single

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **8**

paragraph that references anything outside of litigation activity.  (*See generally* D.I. 78 at ¶¶ 174-218.)  ReShape merely takes issue with the narrowing of the term clinical trial "playbook" during the course of litigation, which, at any rate, was referenced from the beginning of this lawsuit.  ReShape's counterclaims rest upon a misapprehension of the pleadings, *i.e.*, that Fulfillium has abandoned its claim that ReShape misappropriated device-related trade secrets.  As will be explained further below, Fulfillium maintains that ReShape misappropriated trade secrets including but not limited to Dr. Chen's device design.  Accordingly, the notion that Fulfillium has abandoned its device-side trade secrets claims is simply incorrect.  Further still, it should be noted that ReShape's attacks on Fulfillium's pleadings are a red herring.  Fulfillium's suit against ReShape is protected activity regardless.

**B.**   **ReShape Is Unable to Meet its Burden of Showing a Probability of Success for its Counterclaims**

    **1.**   **Counterclaims 9-12 Are Based on the False Premise that Fulfillium Has Withdrawn its Claim that ReShape Misappropriated Dr. Chen's Device Design Trade Secrets**

At the outset, it should be noted that ReShape did in fact misappropriate Fulfillium's device-related trade secrets.  For example, ReShape misappropriated Fulfillium's trade secret concerning the criticality of using a valve sealant.  (Declaration of Richard D.Y. Chen, M.D. in Support of Counter-Defendants' Motion to Strike Counter-Plaintiff's Counterclaims 9-12 and for Recovery of Counter-Defendants' Attorney's Fees and Costs, "Chen Decl." at ¶¶ 2-5.)

In previous briefing, ReShape argued that that Fulfillium's device design trade secrets were disclosed in a ReShape published patent application.  (*See, e.g.*, D.I. 10 at 6-8.)  Courts have held, however, that a single published patent application does not automatically constitute constructive notice of an alleged

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

trade secret misappropriation for the purpose of a motion to dismiss. (*Ferris Mfg. Corp. v. Carr*, No. 14 C 04663, 2015 U.S. Dist. LEXIS 6376 (N.D. Ill. Jan. 21, 2015) ("dismissal on limitations grounds under Rule 12(b)(6), based on the publication of a patent application to trigger the limitations period as a matter of law, would be inappropriate"); *Avery v. Barsky*, No. 3:12-cv-00652-MMD-WGC, 2013 WL 1663612, at *4 (D. Nev. Apr. 17, 2013) (denying motion to dismiss because limitations issue "not clear from the Complaint" despite publication of patent application asserted to trigger limitations period); *OrbusNeich Med. Co. Ltd., BVI v. Boston Sci. Corp.*, 694 F. Supp. 2d 106, 117 (D. Mass. 2010) (denying motion to dismiss breach of contract and tort claims as time-barred, despite "a body of case law charging plaintiffs with inquiry notice of the entire contents of lengthy and complex publicly available documents"); *Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*, No. 08-873-JJF, 2009 U.S. Dist. LEXIS 73227, at *13-4, 17 (D. Del. Aug. 19, 2009) (denying motion to dismiss because "publication of a patent application [did] not provide the type of notice required to start the running of the period of limitations" and "more discovery" was needed on the issue)).

Moreover, even if a single published patent application constitutes constructive noticed, the doctrine of equitable tolling can excuse any delay in Dr. Chen's assertion of that trade secret claim. *Garcia v. MCC Medical Staff*, 2011 U.S. Dist. LEXIS 76872 (S.D. Cal., July 15, 2011).

Ultimately, because it was not necessary for Fulfillium to detail all of the misappropriated trade secrets in the complaint, Fulfillium chose to remove it from the pleadings to simplify the issues at the pleading stage. It is a well-recognized in the Ninth Circuit that a trade secret plaintiff need not detail the trade secrets with particularity in the pleadings. In *Meggitt San Juan Capistrano, Inc. v. Yongzhong*, the Ninth Circuit held that a party does not need to "identif[y] the particular trade secrets at the pleading stage. Rather, the authorities . . . simply

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **10**

require a plaintiff to identify a trade secret 'with reasonable particularity' prior to commencing discovery." *Meggitt*, 575 Fed. Appx. at 803.

The Central District of California mirrors this approach, and frequently has held that trade secret particularity is not required at the pleading state, only during discovery. *See Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1269-70 (C.D. Cal. 2007); *see also New Show Studios LLC v. Needle*, No. 2:14–cv–01250–CAS (MRWx), 2014 WL 2988271, at *9 (C.D. Cal. June 30, 2014); *Philippe Charriol International Limited v. A'lor International Limited*, No. 13CV1257–MMA (BGS), 2013 U.S. Dist. LEXIS 197885, at *20 (S.D. Cal. Nov. 5, 2013) ("In any event, section 2019.210 is a discovery rule, not a pleading standard. Only 'before commencing discovery relating to the trade secret,' (Cal. Civ. P. Code § 2019.210) must [Plaintiff] comply with section 2019.210.")

Indeed, ReShape's counsel Foley & Lardner LLP recently penned an article which acknowledged that a trade secret plaintiff need not identify trade secrets with particularity in the complaint. (Ex. 1.)[3] After reviewing the relevant case law, the article concluded:

> a claim of misappropriation of trade secrets in many situations should not require a party to define the trade secrets at issue with particularity at the pleading stage, regardless of whether that claim is made under the DTSA, CUTSA, or both. Rather, a party should simply be required to meet the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure: a party asserting misappropriation of trade secrets should be required to plead nothing

_____

[3] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Timothy Devlin in Support of Counter-Defendants' Motion to Strike Counter-Plaintiff's Counterclaims 9-12 and for Recovery of Counter-Defendants' Attorney's Fees and Costs.

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **11**

more than sufficient "facts to state a claim to relief that is plausible on its face."

(Ex. 1 at 3.)

Consistent with Ninth Circuit precedent, Fulfillium opted to simplify the issue at the pleading stage and focused the first amended complaint on the clinical trial related trade secrets.  However, Fulfillium has by no means abandoned its device design trade secret claims.  Fulfillium will identify the device design trade secrets misappropriated by ReShape in due course.

Because Fulfillium has not withdrawn its device design trade secret claim, the factual underpinning of the Counterclaims fails.  ReShape thus cannot demonstrate a likelihood of success on the Counterclaims and they should be dismissed for this first reason.

## 2.    Counterclaims 9-12 Are Barred Under the Litigation Privilege

ReShape cannot establish a possibility of prevailing on its claims for alter ego liability of Dr. Chen, wrongful use of civil proceedings, intentional interference with prospective economic relations, and negligent interference with prospective economic relations, because these claims are barred by the litigation privilege.  Pursuant to California Civil Code § 47: "A privileged publication or broadcast is one made: . . . (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . ."  Cal. Civ. Code § 47(b).

The privilege in Section 47(b) is "relevant to the second step of the anti-SLAPP analysis in that it may present a substantive defense plaintiff must overcome to demonstrate a probability of prevailing." *Flatley*, 139 P.3d at 17-18; *see also Kashian*, 98 Cal. App. 4th at 926–927 (where the plaintiff's defamation

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **12**

action was barred by Civil Code section 47, subdivision (b), the plaintiff cannot demonstrate a probability of prevailing under the Anti-SLAPP Law); *Dove Audio*, 47 Cal. App. 4th at 783–785 (holding that the defendant's prelitigation communication were privileged and trial court therefore did not err in granting motion to strike under the Anti-SLAPP Law).

The California Supreme Court has explained that

> [t]he litigation privilege, codified at Civil Code section 47, subdivision (b), provides that a 'publication or broadcast' made as part of a 'judicial proceeding' is privileged. This privilege is absolute in nature, applying 'to all publications, irrespective of their maliciousness.' [*Silberg v. Anderson*, 786 P.2d 365, 372 (Cal. 1990).] 'The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action.' [*Id*. at 370.] The privilege 'is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' [*Rusheen v. Cohen* 128 P.3d 713, 719 (Cal. 2006)].

*Action Apartment Assn.*, 163 P.3d at 95. "[T]he privilege is 'an absolute privilege, and it *bars all tort causes of action except a claim of malicious prosecution*.'" *Flatley*, 139 P.3d at 17 (citing *Hagberg v. California Federal Bank*, 81 P.3d 244, 248 (Cal. 2004).)

Here, Counter-Plaintiff's claims for alter ego liability of Dr. Chen, wrongful use of civil proceedings, intentional interference with prospective economic relations, and negligent interference with prospective economic relations are all based upon pleadings that were made during the course of and directly related to the present trade secret misappropriation and patent infringement claims. (*See generally* D.I. 78 at ¶¶ 173-218.) Indeed, not a single paragraph of Counter-Plaintiff's counterclaims recite anything but litigation activity. (*See generally* D.I.

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **13**

78 at ¶¶ 186-218.)  Because the Counterclaims are premised on litigation activity they are barred by the litigation privilege.

### 3. Even if Not Barred, the Counterclaims Fail to Plead Various Necessary Elements and Fail to Show a Probability of Success

ReShape's Counterclaims should be dismissed for the additional reason that it is unable to demonstrate a probability of prevailing on its claims.

#### a. Wrongful Use of Civil Proceedings

ReShape's is unable to demonstrate a probability of prevailing on its wrongful use of civil proceedings claim.  The analogous cause of action for malicious prosecution can succeed only if the prior action (1) was initiated by the instant defendant and pursued to a legal termination in the plaintiff's favor, and (2) the defendant initiated it without probable cause and (3) with malice.  *Brennan v. Tremco*, 20 P.3d 1086, 1088 (Cal. 2001) (quoting *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 501 (Cal. 1989); *see also Keilbach v. Nam*, CV14-09827-RGK (JCx), 2015 U.S. Dist. LEXIS 185121, at *6 (C.D. Cal. Mar. 13, 2015).

Here, nothing concerning the device design trade secrets has been decided in ReShape's favor.  Neither this Court nor the District of Delaware ever ruled on the substance of Fulfillium, Inc.'s so-called device design trade secret claim.  (D.I. 34 at 39:2-23.)  In the District of Delaware, no reference was ever made to device design or any category of trade secret for that matter, so it is hardly accurate to claim that there has been a "favorable termination."  Judge Andrews simply ruled that the written and oral confidentiality agreements must be more clearly pled.  (D.I. 34 at 39:2-23.)  Judge Andrews expressly stated that he was unsure concerning the particularity with which the trade secrets must be pled.  (D.I. 34 at 39:2-23.)

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **14**

Moreover, Fulfillium's device-design trade secret claim has not been terminated.  As explained above, Fulfillium has not abandoned its device side trade secret claims and will identify those trade secrets in due course.

Accordingly, ReShape cannot prevail on its counterclaim for wrongful use of civil proceedings.

### b.    Intentional Interference with Prospective Economic Relations

Similarly, Counter-Plaintiff nonetheless is unable to demonstrate a probability of prevailing on its intentional interference with prospective economic relations claim.  Intentional interference with prospective economic relations requires proof of the following elements: "(1) an economic relationship between the plaintiff and some third party with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the defendant intended to disrupt the relationship, (4) actual disruption, and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."  *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt.*, CV 09-3627 PSG (AJW), 2009 U.S. Dist. LEXIS 120411, at *6-7 (C.D. Cal. Dec. 4, 2009); *see Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 475 (Cal. Ct. App. 1st Dist. 1996).

Counter-Plaintiff's claim is insufficiently pleaded at least as to the second element.  Indeed, the extent of ReShape's pleadings regarding Counter-Defendants' knowledge is as follows, "Fulfillium and Chen knew that ReShape was financed by private equity investment and would need to rely on that source of funding to support a sustainable market introduction leading to profitability." (D.I. 78 at ¶ 202.)  A nebulous reference to private equity investment is not enough to prove knowledge of a specific relationship.  Accordingly, ReShape's

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **15**

intentional interference with prospective economic relations claim cannot succeed as pled.

### c.   Negligent Interference with Prospective Economic Relations

Counter-Plaintiff is also unable to demonstrate a probability of prevailing on its negligent interference with prospective economic relations claim.  A claim for negligent interference with prospective economic relations requires proof of the following elements: "(1) the existence of an economic relationship between the plaintiff and a third party that contained a reasonable probability of future economic benefit or advantage to the plaintiff, (2) the defendant's knowledge of the relationship, (3) the defendant's negligent conduct, (4) the negligence caused a foreseeable damage to the plaintiff in that the relationship was actually disrupted, and (5) economic harm."  *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt.*, CV 09-3627 PSG (AJW), 2009 U.S. Dist. LEXIS 120411, at *20-21 (C.D. Cal. Dec. 4, 2009); *see North American Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764, 786 (Cal. Ct. App. 2d Dist. 1997).

For the same reasons discussed in the previous section, ReShape's intentional interference with prospective economic relations claim cannot succeed.

### d.   Alter Ego Liability of Chen

ReShape's claim for alter ego liability of Dr. Chen is based on the same torts alleged in Counterclaims 10-12.  (*See generally* D.I. 78 at ¶¶ 174-218.)  If the Court strikes the counterclaims 10-12 for the reasons set forth above, the factual and legal underpinning of the alter ego counterclaim is eliminated and that counterclaim should likewise be dismissed for at least that reason.

Moreover, in reality, Fulfillium, Inc. is a Delaware corporation with over ten debtholders and over twenty shareholders.  (Chen Decl. at ¶ 6.)  These facts

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **16**

are compelling indicia that alter ego liability is improper here.  Accordingly, ReShape's alter-ego claim is unavailing.

### C.   Counter-Defendants Must Be Awarded Their Attorneys' Fees and Costs

Defendants must be awarded the attorney's fees and costs they incurred in connection with this Motion to Strike.

The Anti-SLAPP Law provides: "In any action subject to [the special motion to strike], a prevailing defendant . . . shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. Proc., § 425.16(c).  "Thus, under Code of Civil Procedure section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.

The fee-shifting provision was apparently intended to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' (*Id*., subd. (a).)  The fee-shifting provision also encourages private representation in SLAPP cases, including situations when a SLAPP defendant is unable to afford fees or the lack of potential monetary damages precludes a standard contingency fee arrangement."  *Ketchum*, 24 Cal. 4th at 1131.

Those considerations are entirely in play here.  Accordingly, after the present motion is fully briefed, Counter-Defendants respectfully request an award of attorney's fees and costs.

## V.   CONCLUSION

For the reasons set forth above, Counter-Defendants respectfully request that the Court grant this Motion to Strike Counterclaims 9-12 pursuant to the Anti-SLAPP statute, Code of Civil Procedure § 425.16, and award Counter-Defendants their attorney's fees and costs.

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **17**

Dated: April 4, 2018                              By: */s/ Timothy Devlin*

                                                        Timothy Devlin

                                                        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all parties through counsel of record on this April 4, 2018 via the Court's CM/ECF system.

*/s/ Timothy Devlin*
Timothy Devlin

MEMORANDUM IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-PLAINTIFF'S COUNTERCLAIMS 9-12 AND FOR RECOVERY OF COUNTER-DEFENDANTS' ATTORNEY'S FEES AND COSTS

PAGE **18**