Nicola A. Pisano (CA Bar No. 151282)
    npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
    jpatino@foley.com
Justin E. Gray (CA Bar No. 282452)
    jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone:   858.847.6700
Facsimile:   858.792.6773

Attorneys for Defendant and Counter-Plaintiff
RESHAPE MEDICAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FULFILLIUM, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>RESHAPE MEDICAL, INC.,<br><br>             Defendant. | Case No. 2:17-cv-08419-RGK-PLA<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF RESHAPE MEDICAL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:        May 30, 2018<br>Time:        10:00 a.m.<br>Place:       Roybal, Courtroom 780, 7th Fl.<br>Judge:       Hon. R. Gary Klausner<br>Magistrate Judge:    Hon. Paul L. Abrams<br><br>Discovery Cutoff:      September 5, 2018<br>Pretrial Conference:  November 19, 2018<br>Trial:                      December 4, 2018 |
| RESHAPE MEDICAL, INC.,<br><br>             Counter-Plaintiff,<br><br>      v.<br><br>FULFILLIUM, INC. and<br>DR. RICHARD CHEN,<br><br>             Counter-Defendants. | |

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending, unless a party provides a "good reason" for doing so.  *Vista Del Sol Health Care Servs. v. NLRB*, No. CV 14-02193 MMM (FFMx), 2014 U.S. Dist. LEXIS 196694, at *3 (C.D. Cal. May 16, 2014).  Fulfillium has not provided this Court with any reason, let alone a good reason, why discovery concerning RFP Nos. 40-43 should be stayed.

Fulfillium argues its pending motions support staying discovery concerning RFP Nos. 40-43.  However, those RFPs are not just related to the counterclaims at issue in those motions.  As explained in ReShape Medical's portion of the Joint Stipulation (D.I. 107-1 at 7:6-24, 9:18-10:5), while RFP Nos. 40-43 are relevant to ReShape Medical's allegations of alter ego and inequitable conduct, the RFPs are also relevant to ReShape Medical's requests for relief (including Fulfillium's capacity to satisfy any judgment, penalties, or fees levied by this Court against Fulfillium); Fulfillium's claim for $100 million in damages due to ReShape Medical's alleged trade secret misappropriation; Fulfillium's claim (through its consultant Dr. Chen)[1] that it was ignorant of ReShape Medical's commercial activities because it could not afford a subscription to well-known journals in the field; and to Dr. Chen's averments that he had "committed the last of [his] personal wealth into Fulfillium and was left in financial distress by ReShape's trade secret misappropriation."[2]  (D.I. 107-7 at ¶¶ 10, 13.)  Fulfillium's portion of the Joint

---

[1] While Dr. Chen has represented to this Court that Fulfillium "is currently staffed by a single independent contractor, myself" (Declaration of Justin E. Gray in Support of Supplemental Memorandum of Law in Support of ReShape Medical, Inc.'s Motion to Compel Production of Documents ("Gray Decl.") Ex. A at ¶ 2), in the Patent Owner's Power of Attorney filed by Fulfillium in response to ReShape Medical's filing of *Inter Partes* Review petitions against the asserted patents, Fulfillium now identifies Dr. Chen as the Chief Executive Officer of Fulfillium.  (Gray Decl. Ex. B.)

[2] Additionally, documents responsive to RFP No. 42 (e.g., meeting minutes of, and actions approved by, Fulfillium's Board of Directors) are relevant to Fulfillium's claim that it is sole owner of the patents-in-suit.  As described in ReShape Medical's Opposition to Fulfillium's Motion for Leave to File a Second Amended Complaint (D.I. 97), in July 2013 Dr. Chen assigned to Sensurtec, Inc. all of his rights, title, and interest to a patent application that is the parent patent application to both of the patents-in-suit. (Gray Decl. Ex. C at 7:17-8:9, Ex. D.)  Based on this assignment, Sensurtec, Inc. is a co-owner of an undivided one-half interest in the patents-in-suit.

Stipulation does not deny that RFP Nos. 40-43 are relevant to all of these issues.  (D.I. 107-1 at 10:27-16:4.)  Instead, Fulfillium expressly acknowledges that the discovery is relevant to both ReShape Medical's alter ego and inequitable conduct counterclaims, but then proceeds to ignore the inequitable conduct counterclaim and focus its analysis solely on the alter ego counterclaim.

Fulfillium claims that the RFPs are overbroad and unduly burdensome and its objections should be sustained on that basis, but provides no authority or analysis of the specific RFPs to this Court in support of its argument.  This is not surprising given that Fulfillium did not raise this objection either in the correspondence exchanged between the parties or during the parties' conference of counsel concerning these RFPs.  (D.I. 107-2 at ¶ 6; D.I. 107-4.)  Instead, Fulfillium only quotes from the RFPs and highlights the "all documents" language.  (D.I. 107-1 at 11:3-19.)  But as ReShape Medical already explained in its portion of the Joint Stipulation, that language is specifically narrowed to discrete topics as to which Fulfillium likely has very few responsive documents.  *See, e.g.*, RFP No. 40 ("All Documents ***relating to the founding of Fulfillium, Inc.***"), RFP No. 41 ("All Documents ***relating to the capitalization of Fulfillium, Inc.***, including all Documents ***relating to investments by Dr. Richard D. Y. Chen in Fulfillium, Inc.***") (emphasis added).  The use of the term "all documents" does not itself make the RFPs improper when appropriate qualifying language, as here, is also present.  *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, No. 16-MC-2778 (FB), 2016 WL 6902140, at *6 (E.D.N.Y. Nov. 23, 2016).

Fulfillium's next contention, that the requested discovery be stayed pending resolution of Fulfillium's anti-SLAPP motion and motion to dismiss, also fails. Fulfillium ignores the fact that ReShape Medical's alter ego counterclaim is not limited to the counterclaims that are the subject of Fulfillium's anti-SLAPP motion, as ReShape Medical explained in its opposition to Fulfillium's anti-SLAPP motion.  (D.I. 107-11 at 2:16-18, 15:4-14.)  If, as ReShape Medical has reason to believe, Fulfillium could never have monetized its alleged "clinical trial playbook" because it never had the wherewithal

to do so, Fulfillium's ludicrous damages claim must be rejected.   Still further, if ReShape Medical successfully petitions this Court at the conclusion of this case for recovery of its attorneys' fees and/or costs in defending this litigation (*e.g.*, if this case is deemed exceptional under 35 U.S.C. § 285), the alter ego counterclaim remains pertinent given Fulfillium's severe undercapitalization.   Fulfillium's anti-SLAPP motion is simply inapplicable to the full scope of ReShape Medical's alter ego counterclaim, and Fulfillium's argument that discovery should be stayed pending the resolution of its motion should be rejected.

The foregoing reasons also establish why *Mireskandari* is inapposite.   In that case, the defendants sought a stay of "all discovery and proceedings" pending resolution of the defendants' anti-SLAPP motion that covered the *entirety* of the allegations in suit. *Mireskandari v. Daily Mail and General Trust PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129944, at *1 (C.D. Cal. Jan. 14, 2013).   Here, the discovery requested in RFP Nos. 40-43 is relevant to issues entirely unrelated to the anti-SLAPP motion.   Also, the *Mireskandari* Court relied on the fact that the discovery requests at issue were extremely broad (seeking "extensive information concerning defendants' journalistic practices, sources, and editorial processes") in granting a stay. *Id.* at *3-4.   In contrast, as ReShape Medical explained in its portion of the Joint Stipulation, RFP Nos. 40-43 were narrowly tailored to the issues of this case.   Finally, the *Mireskandari* Court heavily relied on the underlying principles behind the anti-SLAPP statute in granting a stay to a journalistic enterprise. *Id.* at *3-4, 7.   Here, the principles behind the anti-SLAPP statue are inapplicable for the reasons explained above and in ReShape Medical's portion of the Joint Stipulation.

Although Fulfillium did not file a motion to stay discovery pending the outcome of its motions, Fulfillium seeks to rely on the four-factor stay analysis used in *Mireskandari*.   But even under those four factors, Fulfillium did not and cannot demonstrate that a stay is warranted.   For the first factor (whether Fulfillium will be irreparably injured absent a stay), Fulfillium ***provides no fact basis for its claim of***

*irreparable injury,* but instead simply summarizes the reasoning in *Mireskandari*. For the second factor (whether Fulfillium's motion is likely to succeed on the merits), as explained above, Fulfillium's anti-SLAPP motion is not applicable to the full scope of ReShape Medical's alter ego counterclaim, so the outcome of that motion is not pertinent. Additionally, the requested discovery is directed to many other issues of this case (a fact that Fulfillium does not dispute in its portion of the Joint Stipulation), rendering this factor of limited value to Fulfillium. For the third factor (whether entry of a stay order will injure ReShape Medical), ReShape Medical is entitled to seek discovery without delay on the pending claims, defenses, and counterclaims, even pending the resolution of Fulfillium's motions, for the reasons explained in ReShape Medical's portion of the Joint Stipulation. Trial in this matter is scheduled to begin December 4, 2018, and Fulfillium's delay is prejudicial to ReShape Medical's discovery plan and trial preparation. For the fourth factor (the public interest), Fulfillium focuses only on the existence of its anti-SLAPP motion, which is largely irrelevant to the issues raised in ReShape Medical's motion to compel.

In light of the foregoing reasons, and those stated by ReShape Medical in the Joint Stipulation, ReShape Medical's motion should be granted.

DATED: May 16, 2018

Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Justin E. Gray*
Nicola A. Pisano (CA Bar No. 151282)
   npisano@foley.com
Jose L. Patiño (CA Bar No. 149568)
   jpatino@foley.com
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
Telephone: 858.847.6700
Facsimile: 858.792.6773

Attorneys for Defendant and Counter-Plaintiff
RESHAPE MEDICAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on May 16, 2018.          FOLEY & LARDNER LLP


_/s/ Justin E. Gray_
Justin E. Gray (CA Bar No. 282452)
   jegray@foley.com

Attorney for Defendant and Counter-Plaintiff
RESHAPE MEDICAL, INC.

4844-6794-3270