# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-08419-RGK-PLA | Date | August 10, 2018 |
|---|---|---|---|
| Title | *Fulfillium, Inc. v. ReShape Medical, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Dismissing Case *Sua Sponte* for Lack of Jurisdiction

## I.  INTRODUCTION

In a Second Amended Complaint ("SAC") filed May 25, 2018, Plaintiff Fulfillium, Inc. ("Fulfillium") alleged three counts of patent infringement in violation of 35 U.S.C. § 271 against ReShape Medical LLC and ReShape Lifesciences, Inc. Fulfillium also alleged trade secret misappropriation in violation of the California Uniform Trade Secrets Act ("CUTSA") against ReShape Medical LLC and SV Health Investors, LLC ("SV Health"). On July 5, 2018, the Court granted ReShape Medical LLC's motion to dismiss the patent infringement claims, finding that Fulfillium lacked standing to bring its patent infringement claims at the time it filed suit. (*See* ECF No. 148.) The Court's Order left Fulfillium's CUTSA claim against ReShape Medical LLC and SV Health as the sole remaining claim.

As explained below, the Court finds that it must **dismiss** the CUTSA claim sua sponte **for lack of subject matter jurisdiction**. Consequently, the two motions pending in the case – SV Health's Motion to Dismiss (ECF No. 152) and Fulfillium's Motion to Consolidate (ECF No. 181) – are **DENIED as moot**.

## II.  DISCUSSION

No party has raised, and the Court has not yet addressed, whether it was appropriate to continue to exercise jurisdiction over Fulfillium's CUTSA claim after the dismissal of its federal patent infringement claims for lack of standing. Because federal courts are courts of limited jurisdiction, a district court is "obligated to determine *sua sponte* whether it has subject matter jurisdiction." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011). "If the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-08419-RGK-PLA | Date | August 10, 2018 |
|---|---|---|---|
| Title | *Fulfillium, Inc. v. ReShape Medical, Inc.* | | |

  Here, the Court originally had federal question jurisdiction over the patent infringement claims and supplemental jurisdiction over the CUTSA claim. *See* 28 U.S.C. §§ 1332, 1338, 1336. If a district court dismisses all federal claims for lack of subject matter jurisdiction, it has no discretion to adjudicate the remaining state law claims under 28 U.S.C. § 1367(c). *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001)). Standing is a matter of subject matter jurisdiction. *Id.* Thus, when the Court dismissed the patent infringement claims for lack of standing, it immediately lost the authority to retain jurisdiction over the CUTSA claim. 28 U.S.C. § 1367; *Scott*, 306 F.3d at 664. The Court therefore must **dismiss** Fulfillium's CUTSA claim **without prejudice**. Fulfillium may refile its CUTSA claim in state court. *See Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1018–19 (C.D. Cal. 2011) (discussing the savings provision in 28 U.S.C. § 1367(d)).

  Because the Court must dismiss Fulfillium's CUTSA claim on jurisdictional grounds, it cannot decide the motions pending in this case. SV Health's Motion to Dismiss the CUTSA claim as barred by the statute of limitations is therefore **DENIED as moot**. Fulfillium's recently filed Motion to Consolidate is likewise **DENIED as moot**.

### III. CONCLUSION

  For the foregoing reasons, the Court sua sponte **dismisses** this action **without prejudice** for lack of subject matter jurisdiction. The Court also sua sponte **DENIES as moot** SV Health's Motion to Dismiss under Rule 12(b)(6) and Fulfillium's Motion to Consolidate.

  **IT IS SO ORDERED.**

                                 :

              Initials of Preparer